UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE MURPHY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-1596-TWP-DML |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Motion to Modify Judgment**

Based on its timing and content, the petitioner's motion to reconsider filed on June 19, 2015, is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

There was no manifest error of law or fact in this case. The court did not misapprehend the petitioner's claim, nor did it misapply the law to that claim or to the pleadings and the expanded

record in concluding that denial of the habeas petition was required. The court explained the standard of review in a setting such as presented here. A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). The hearing officer's decision is entitled to reasonable inferences from the evidence. The court indulged in such inferences in explaining why the evidence in this case met the "some evidence" standard of *Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985). The court noted that alcohol has a distinctive odor. It is a reasonable inference suggested by the information recited in the conduct report that the substance found in the petitioner's cell emitted such an odor, thereby permitting the reporting officer to conclude that the substance was in fact alcohol. This observation was not an invented fact, but is an inference reached from the reporting officer's description of what he found in the petitioner's cell. This is justified by giving that description the benefit of the doubt, which is built into the court's review. The Supreme Court has explained that "the relevant question is whether there is any evidence in the record that *could support* the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56 (emphasis added).

Accordingly, the motion to reconsider [dkt. 15], treated as a motion to alter or amend judgment, **is denied**.

IT IS SO ORDERED.

Date: 6/29/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jesse Murphy
DOC #925827
Pendleton Correctional Industrial Complex
5124 West Reformatory Road
Pendleton, IN  46064

Electronically Registered Counsel